UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>DAVID G. PFLUM, et al.,<br><br>                    Defendants. | NO: 12-CV-0541-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT |

   BEFORE THE COURT is Plaintiff's Motion for Entry of Default and to Strike (ECF No. 10).  This matter was initially heard without oral argument on January 23, 2013.  On January 24, 2013, the Court deferred ruling on the motion as it pertained to Defendant David Pflum and ordered Mr. Pflum to show cause why default should not be entered against him for failing to answer Plaintiff's Complaint.  ECF No. 14.  The Court now grants Plaintiff's motion as it pertains to Mr. Pflum.

//

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT ~ 1

## PROCEDURAL HISTORY

Plaintiff filed its Complaint to Foreclose Federal Tax Liens on September 20, 2012.  ECF No. 1.  Defendants were served on November 1, 2012.  ECF Nos. 5-9.  On November 28, 2012, Defendant David Pflum ("Defendant") mailed a letter to Plaintiff's counsel at the Tax Division of the Department of Justice in Washington, D.C.  Enclosed with this letter were various documents purportedly submitted "in response to the various SUMMONS IN A CIVIL ACTION presented to [Mr. Pflum] and Patricia Pflum."  ECF No. 4 at 1.  Many of these documents are captioned, "Notice and Demand to Validate Debt Claim."  Defendant also mailed a copy of the letter and enclosures to the Court, which were received and filed as an *ex parte* submission on December 3, 2012.

On January 24, 2013, the Court ordered Defendant to show cause by February 11, 2013, why default should not be entered against him for failing to answer Plaintiff's Complaint.  ECF No. 14.  Defendant subsequently filed a one-page document styled as a Motion to Dismiss on February 7, 2013.  ECF No. 15. In this motion, Defendant states that "An abundance of proof has been submitted to this court, that through the Acquiescence of IRS Agents Larry Inman and Denise Davis, no Tax liability exists."  ECF No. 15.  Defendant also mailed additional documents to Plaintiff's counsel, which Plaintiff's counsel forwarded to the Court. ECF No. 16.  In a cover letter dated January 3, 2013, Defendant states, "All

properties controlled by me are sitting on land that is held by LAND PATENTS signed by the Presidents of the United States of America (not the corporate US) and said properties can not [sic] be collaterally attacked by IRS liens or seizures." ECF No. 16-1 at Exhibit A.

## DISCUSSION

Rule 55(a) mandates the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As discussed in the Court's prior Order to Show Cause, Defendant David Pflum did not answer or otherwise respond to Plaintiff's Complaint within 21 days of service as required by Rule 12(a). Nevertheless, recognizing that Defendant had corresponded directly with Plaintiff's counsel about the lawsuit, the Court afforded Defendant an opportunity to show cause why default should not be entered against him. ECF No. 14.

In response to the Court's show cause order, Defendant filed a perfunctory, one-page "Motion to Dismiss" on February 7, 2013. This motion does not address Defendant's failure to file an answer or otherwise defend against this lawsuit in accordance with the Federal Rules of Civil Procedure. Rather, the motion simply states that Defendant has proven, "through the acquiescence of [two] IRS Agents," that he does not owe any taxes to the federal government. ECF No. 15. The motion also contains language excerpted from Defendant's correspondence with

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT ~ 3

Plaintiff's counsel to the effect that "NOTICE TO AGENT IS NOTICE TO PRINCIPAL AND NOTICE TO [PRINCIPAL] IS NOTICE TO [AGENT]." ECF No. 15 (emphasis in original).

The Court finds that Defendant has failed to establish good cause for withholding the entry of his default. Defendant, as a *pro se* litigant, "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). As the Ninth Circuit explained in *Jacobsen*,

> Trial courts generally do not intervene to save litigants from their choice of counsel, even when the lawyer loses the case because he fails to file opposing papers. A litigant who chooses *himself* as legal representative should be treated no differently. In both cases, the remedy to the party injured by his representative's error is to move to reconsider or to set aside; it is not for the trial court to inject itself into the adversary process on behalf of one class of litigant.

790 F.2d at 1364 (emphasis in original) (internal citations omitted).

Here, Defendant failed to comply with Rule 12(a) by filing an answer or other responsive pleading (*i.e.*, a motion to dismiss) within 21 days of being served with Plaintiff's Complaint. When granted an opportunity to explain and correct this deficiency, Defendant did not do so. Instead, Defendant simply informed the

1  Court that he had submitted "[a]n abundance of proof" that he does not owe the
2  IRS any taxes—purportedly due to the "acquiescence" of two IRS agents in failing
3  to "validate" the alleged debt. ECF No. 15.
4        Defendant apparently fails to recognize that he must defend against the
5  Plaintiff's claims *in this Court*. Submitting various notices to the government and
6  corresponding directly with Plaintiff's counsel is not a proper defense under the
7  Federal Rules of Civil Procedure. The Court cannot inject itself into the adversary
8  process on Defendant's behalf by attempting to decipher potential defenses from
9  these documents. *Jacobsen*, 790 F.2d at 1364. Accordingly, the Court hereby
10 orders the Clerk to enter default against Defendant David Pflum.
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT ~ 5

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Entry of Default and to Strike (ECF No. 10) is **GRANTED in remaining part**. The clerk shall **ENTER DEFAULT** against Defendant David Pflum.

2. Defendant David Pflum's Motion to Dismiss (ECF No. 15) is **DENIED**.

The District Court Executive is hereby directed to enter this Order, provide a copy Plaintiff's counsel, and mail a copy to Defendant David Pflum at the address listed in ECF No. 15.

**DATED** February 12, 2013.



THOMAS O. RICE
United States District Judge