1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>DAVID G. PFLUM, et al.,<br><br>                Defendants. | NO:  12-CV-0541-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Default Judgment (ECF No. 18). This matter was submitted for consideration without oral argument. The Court has reviewed the motion and the record and files herein and is fully informed.

BACKGROUND

Plaintiff has moved for entry of default judgment against Defendants David Pflum, Patricia Pflum, and Flinstone's Slate, LLC. Plaintiff requests that the Court (1) find that Mr. Pflum is the true owner of a parcel of real property owned by

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT ~ 1

Flinstone's Slate; and (2) order that the property be sold to satisfy Mr. Pflum's
outstanding federal tax liabilities.

## PROCEDURAL HISTORY

Plaintiff filed its Complaint to Foreclose Federal Tax Liens on September 20, 2012.  ECF No. 1.  Defendants were served on November 1, 2012.  ECF Nos. 5-9.  On November 28, 2012, Defendant David Pflum ("Mr. Pflum") mailed a letter to Plaintiff's counsel at the Tax Division of the Department of Justice in Washington, D.C.  Enclosed with this letter were various documents purportedly submitted "in response to the various SUMMONS IN A CIVIL ACTION presented to [Mr. Pflum] and Patricia Pflum."  ECF No. 4 at 1.  Many of these documents are captioned, "Notice and Demand to Validate Debt Claim."  Mr. Pflum also mailed a copy of the letter and enclosures to the Court, which were received and filed as an *ex parte* submission on December 3, 2012.

On January 24, 2013, the Court entered default against Defendants Patricia Pflum ("Ms. Pflum") and Flinstone's Slate, LLC, and ordered Mr. Pflum to show cause by February 11, 2013, why default should not be entered against him for failing to answer Plaintiff's Complaint.  ECF No. 14.  Mr. Pflum subsequently filed a one-page document styled as a Motion to Dismiss on February 7, 2013.  ECF No. 15.  In this motion, Mr. Pflum stated that "An abundance of proof has been submitted to this court, that through the Acquiescence of IRS Agents Larry

1  Inman and Denise Davis, no Tax liability exists." ECF No. 15.  Mr. Pflum also

2  mailed additional documents to Plaintiff's counsel, which Plaintiff's counsel

3  forwarded to the Court.  ECF No. 16.  In a cover letter dated January 3, 2013, Mr.

4  Pflum stated, "All properties controlled by me are sitting on land that is held by

5  LAND PATENTS signed by the Presidents of the United States of America (not

6  the corporate US) and said properties can not [sic] be collaterally attacked by IRS

7  liens or seizures." ECF No. 16-1 at Exhibit A.

8      The Court subsequently entered default against Mr. Pflum on February 12,

9  2013.  ECF No. 17.  Plaintiff moved for entry of default judgment on April 9,

10  2013.  ECF No. 18.  On April 29, 2013, Mr. Pflum mailed a letter bearing the

11  caption "Notice of Crimes Being Committed in these Cases," to defense counsel.

12  A copy of this letter was received by the Court and filed on May 1, 2013.  ECF No.

13  24.  As of the date of this Order, neither Mr. Pflum nor the other defaulting

14  Defendants has filed an opposition to Plaintiff's motion for default judgment.

15                          DISCUSSION

16      Motions for entry of default judgment are governed by Federal Rule of Civil

17  Procedure 55(b).  Rule 55(b)(1) provides that the Clerk of Court may enter default

18  judgment when the plaintiff's claim "is for a sum certain or a sum that can be made

19  certain by computation." Fed. R. Civ. P. 55(b)(1).  When the value of the claim

20  cannot be readily determined, or when the claim is for non-monetary relief, the

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT ~ 3

plaintiff must move the court for entry of default judgment.  Fed. R. Civ. P. 55(b)(2).  In such circumstances, the court has broad discretion to marshal any evidence necessary in order to calculate an appropriate award.  *See* Fed. R. Civ. P. 55(b)(2)(A)-(D).

The entry of default judgment under Rule 55(b) is "an extreme measure." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002).  "As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).  In determining whether to enter default judgment, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72; *see also United States v. VanDenburgh*, 249 F. App'x 664, 665 (2007).  All well pleaded allegations in a complaint are deemed admitted on a motion for default judgment. *Matter of Visioneering Constr.*, 661 F.2d 119, 124 (9th Cir. 1981).

///

///

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT ~ 4

1.  Possibility of Prejudice to Plaintiff

Plaintiff has properly served its Complaint on each of the Defendants. Defendants Patricia Pflum and Flinstone's Slate, LLC have failed to appear. Defendant David Pflum has entered an appearance *pro se*, but has persistently refused to answer the allegations in the Complaint. As a result, the case cannot move forward on the merits, and Plaintiff's ability to obtain effective relief has been prejudiced. This factor weighs in favor of entering default judgment.

2.  Merits of Plaintiff's Substantive Claim

Plaintiff asserts that the federal tax liens encumbering the subject property nominally owned by Defendant Flinstone's Slate, LLC, should be foreclosed to satisfy Defendant David Pflum's outstanding tax liabilities. Pl.'s Compl., ECF No. 1, at ¶¶ 28-32. In support of this assertion, Plaintiff alleges that (1) Flinstone's Slate is the alter-ego of Defendant David Pflum; (2) in the alternative, the acquisition of the property by Flinstone's Slate was fraudulent and must be set aside; and (3) in the alternative, to the extent that Flinstone's Slate has a legitimate interest in the property, Mr. Pflum is holding the property in trust for his sole benefit. Pl.'s Compl., ECF No. 1, at ¶¶ 29-31.

Having reviewed the record, the Court finds that the first and third allegations have substantial merit. There is strong evidence that Flinstone's Slate, LLC operates as Mr. Pflum's alter ego. The entity was created by Mr. Pflum on

April 10, 2007.  ECF No. 20-3.  The Articles of Incorporation filed with the

Nevada Secretary of State lists Mr. Pflum as the sole manager of the entity.  ECF

No. 19-28.  A list of officers, which was due on April 30, 2008, does not appear to

have been filed.  ECF No. 20-3.  Presumably as a result of this deficiency,

Flinstone's Slate's charter was revoked.  ECF No. 20-3.  As a result, by operation

of Nevada law, Flinstone's Slate's property and assets are currently held in trust by

Mr. Pflum.  *See* N.R.S. 86.274(5) ("If the charter of a limited liability company is

revoked and the right to transact business is forfeited, all of the property and assets

of the defaulting company must be held in trust by the managers or, if none, by the

members of the company . . .").  In view of these circumstances, Plaintiff would

likely be able to prove that Mr. Pflum is the true owner of the subject property.

This factor weighs in favor of entering default judgment.

There is less support, however, for Plaintiff's second allegation.  Although

Flinstone's Slate acquired the subject property less than three years after Mr. Pflum

was convicted of failure to pay employment taxes and failure to file federal income

tax returns and sentenced to thirty months in federal custody, there is little to

suggest that the acquisition was "made with the intent to hinder, delay or defraud

the United States of federal income taxes lawfully due or to become due from

David Pflum."  Pl.'s Compl., ECF No. 1, at ¶ 30.  Had Mr. Pflum owned the

property in his own name and then transferred it to Flinstone's Slate, the timing of

the transfer might have been significant.  However, the fact that the property was previously owned by a third party and was acquired in the name of Flinstone's Slate does raise a question as to the source of funds for its acquisition, but that question remains unanswered.  *See* ECF No. 19-27.

On balance, this factor weighs in favor of entering default judgment.

3. <u>Sufficiency of the Complaint</u>

The Court finds that the Complaint states a claim upon which relief may be granted in that it is grounded in a cognizable legal theory and alleges sufficient facts to support that theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  This factor weighs in favor of entering default judgment.

4. <u>Sum of Money at Stake</u>

Plaintiff has not sought an award of damages; rather, Plaintiff has asked the Court to order the sale of the subject property to partially satisfy Mr. Pflum's outstanding tax liabilities.  According to a Corrected Real Tax and Assessment Statement prepared by the Pend Oreille County Treasurer, the taxable value of the property was $60,000 for 2009-10.  ECF No. 19-29.  Updated records from the Pend Oreille County Assessor's website, of which the Court takes judicial notice, list a taxable value of $80,000 for 2012-13.

///

///

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT ~ 7

5. <u>Possibility of Dispute as to Material Facts</u>

Given that no discovery has been completed, there exists a possibility that material facts are disputed. This is particularly true with respect to the formation of and adherence to corporate formalities by Defendant Flinstone's Slate, LLC. It bears noting, however, that there is no genuine dispute as to the validity of the underlying debt, as Plaintiff's tax liabilities were reduced to judgment in a companion case in the District of Kansas on May 16, 2013. ECF No. 25-1. This factor weighs slightly against entering default judgment.

6. <u>Whether Default is Attributable to Excusable Neglect</u>

The default of Defendant David Pflum is not attributable to excusable neglect. Mr. Pflum has corresponded with Plaintiff's counsel on at least two occasions about this lawsuit. Copies of these letters were received by the Court and filed in the record. *See* ECF Nos. 4, 24. Mr. Pflum also filed a perfunctory, one-page motion to dismiss, in which he claimed to have submitted "an abundance of proof" that the alleged tax liabilities were invalidated due to the "acquiescence" of two IRS agents. ECF No. 15. This correspondence and motion clearly illustrates that Mr. Pflum is aware of this lawsuit. His failure to defend is not due to excusable neglect.

The Court has no means of determining whether excusable neglect contributed to the default of Defendants Patricia Pflum and Flinstone's Slate.

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT ~ 8

Given that both Defendants were properly served, however, the Court will presume that excusable neglect did not play a role.  This factor weighs in favor of entering default judgment.

  7. Policy Favoring Decisions on the Merits

        Public policy clearly favors resolution of cases on their merits.  *Eitel*, 782 F.2d at 1472; *Westchester Fire*, 585 F.3d at 1189.  Nevertheless, this policy must eventually yield to the proper administration of justice.  Where, as here, a party persistently refuses to defend on the merits of a claim, entry of default judgment is an appropriate remedy.  Accordingly, the Court will grant Plaintiff's motion and order that default judgment be entered against Defendants.

**IT IS HEREBY ORDERED:**

        Plaintiff's Motion for Default Judgment (ECF No. 18) is **GRANTED**.  The Court finds that the United States has valid federal tax liens arising from the federal tax liabilities of David Pflum, which liens attach to the subject property.  The federal tax liens encumbering the subject property shall be foreclosed, the subject property shall be sold, and proceeds arising from such sale shall be distributed as set forth in the Court's Order of Sale filed contemporaneously herewith.

        The District Court Executive is hereby directed to enter this Order, provide a copy to Plaintiff's counsel, mail a copy to Defendants at their addresses of record,

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT ~ 9

1    enter **JUDGMENT** for Plaintiff as specified herein, and **CLOSE** the file.

2    Supplemental proceedings shall take place without moving to reopen the file.

3        **DATED** June 14, 2013.

4

5                                    THOMAS O. RICE
                                United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT ~ 10